1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
11
12
13
14
15
16
17
18
19
20

| | |
|---|---|
| MASTERCARD INTERNATIONAL INCORPORATED, a Delaware corporation,<br><br>                Plaintiff,<br><br>   v.<br><br>MONTANA THOMAS, an individual, and CREDIT.COM, INC., a California corporation,<br><br>                Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF SECTION 43(d) OF THE LANHAM ACT;**<br>**(2) VIOLATION OF SECTION 32 OF THE LANHAM ACT;**<br>**(3) VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, WASHINGTON CONSUMER PROTECTION ACT, RCW §19.86.090, AND WASHINGTON COMMON LAW;**<br>**(4) VIOLATION OF SECTION 43(c) OF THE LANHAM ACT AND WASHINGTON STATUTE, RCW §19.77.160** |

21
22
23

Plaintiff, MasterCard International Incorporated ("Plaintiff" or "MasterCard"), for and as its Complaint, alleges as follows:

24
25

## PARTIES AND JURISDICTION

26
27
28

1.    Plaintiff, MasterCard, is a corporation organized and existing under the laws of Delaware, with a principal place of business at 2000 Purchase Street, Purchase, New York 10577.

**STRATTON LAW & MEDIATION P.S.**
18850 - 103RD AVENUE SW, STE 202
VASHON ISLAND, WA  98070
TEL:  (206) 682-1496 • FAX:  (206) 260-3816

2.      Defendant, Montana Thomas ("Thomas"), upon information and belief, is an individual residing at 550 15th Street, Suite 36B, San Francisco, California 94105.

3.      Defendant, Credit.com, Inc. ("Credit.com"), is a California corporation with an address at 201 Mission St., Suite 1550, San Francisco, California 94105.

4.      Credit.com and Thomas (collectively "Defendants") are subject to the jurisdiction of this Court.  This Court's jurisdiction arises from the fact that: (i) this is an action brought under the Trademark Laws of the United States, 15 U.S.C. §§ 1051-1127, jurisdiction being conferred by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338; (ii) this is a civil action in which Plaintiff and Defendants are citizens of different states and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being conferred under 28 U.S.C. § 1332(a); and (iii) certain claims are joined with substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. §§ 1051-1127, jurisdiction being conferred by 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claims occurred in this District.  Specifically, Defendants registered the domain name <mastercard.cm> (the "Infringing Domain Name") in this District through the registrar, eNom Inc ("eNom").  Defendants entered into a domain name Registration Agreement with eNom that states, "for the adjudication of third party disputes (i.e., disputes between you and another party, not us) concerning or arising from use of domain names arising hereunder, you shall submit without objection . . . to the subject matter and personal jurisdiction of the courts . . . where we are located, currently those State or federal courts whose geographic districts include Bellevue, Washington."  This dispute concerns and arises from the Infringing Domain Name because Defendants, with the bad faith intent to profit, registered and

uses the Infringing Domain Name in this District and elsewhere to divert consumers to

Defendants' website and confuse consumers as to the source, sponsorship or affiliation with

MasterCard's name, trademarks and service marks.

## **FACTS**

6.     For many years, and long prior to the Defendants' acts complained of herein,

MasterCard, its licensees and its predecessors-in-interest have engaged in administering and

licensing its member financial institutions and merchants to participate in the MASTERCARD

payment program in commerce throughout the United States under the MASTERCARD and Red

and Yellow Interlocking Circles Device trademarks and service marks (the "MASTERCARD

Marks").

7.     MasterCard owns numerous federal trademark registrations for its

MASTERCARD Marks, including the following:

| Mark | Reg. No. | Reg. Date | Goods/Services |
|------|----------|-----------|----------------|
| MASTERCARD | 2,212,783 | Dec. 22, 1998 | Magnetic encoded cards; magnetic encoded card readers; telecommunications equipment, namely point of transaction terminals; and computer software for transmitting, displaying and storing transaction, identification and financial information for use in the financial services, banking and telecommunications industries. |

COMPLAINT FOR VIOLATION OF SECTION
43(d); SECTION 32; SECTION 43(a); SECTION
43(c)  OF THE LANHAM ACT
Page 3 of 15

**STRATTON LAW & MEDIATION P.S.**
18850 - 103RD AVENUE SW, STE 202
VASHON ISLAND, WA  98070
TEL:  (206) 682-1496 • FAX:  (206) 260-3816

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
|  | 2,077,221 | Jul. 8, 1997 | Travelers cheque services, namely the administration of issuance, redemption and processing of travelers cheques. |
|  This mark is lined for the colors red and yellow orange. | 2,168,736 | Jun. 30, 1998 | Travel assistance services, namely, arranging travel tours, making replacement and emergency reservations and booking for transportation. |
|  The mark is lined for the colors red and yellow. | 1,890,786 | Apr. 25, 1995 | Pens, pencils, pen stands, paper weights, letter openers, notebooks, metal book marks |
|  | 1,814,279 | Dec. 28, 1993 | Financial services; namely, providing credit card, debit card, travelers cheque, travel financial assistance, cash disbursement, and transaction authorization and settlement services. |
|  | 1,738,276 | Dec. 8, 1992 | Printed matter and publications; namely, credit cards and debit cards, pamphlets, brochures, newsletters and magazines of a financial nature. |

COMPLAINT FOR VIOLATION OF SECTION
43(d); SECTION 32; SECTION 43(a); SECTION
43(c)  OF THE LANHAM ACT
Page 4 of 15

STRATTON LAW & MEDIATION P.S.
18850 - 103RD AVENUE SW, STE 202
VASHON ISLAND, WA  98070
TEL:  (206) 682-1496 • FAX:  (206) 260-3816

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| **MasterCard** | 1,604,606 | Jul. 3, 1990 | Printed matter and publications, namely bank cards, pamphlets, brochures, newsletters and magazines of a financial nature. |
| MASTERCARD | 1,398,272 | Jun. 24, 1986 | Textile machinery, namely carding machines. |
| MasterCard | 1,365,901 | Oct. 15, 1985 | Services, namely, providing bank card services. |
| **MasterCard** | 1,292,519 | Aug. 28, 1984 | Financial services-namely, assisting its members in the sale of travelers' cheques, integrated funds management programs, and money order services. |
| **MasterCard** | 1,257,853 | Nov. 15, 1983 | Financial services-namely, providing bank card services. |
| **MasterCard** | 1,186,117 | Jan. 12, 1982 | Financial services-namely, providing bank card services. |

8.      All of the above-referenced registrations are valid and subsisting, are incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b) and are "conclusive evidence" of MasterCard's "exclusive right" to use the MASTERCARD Marks in connection with the registered goods.  15 U.S.C. § 1115(b).

**STRATTON LAW & MEDIATION P.S.**
18850 - 103RD AVENUE SW, STE 202
VASHON ISLAND, WA  98070
TEL:  (206) 682-1496 • FAX:  (206) 260-3816

9.      In addition to its trademark registrations, MasterCard has registered numerous domain names containing the name and mark MASTERCARD or variants thereof, including, *inter alia*, "MASTERCARD.COM", "MASTERCARD.NET", "MASTERCARD.ORG", "MASTERCARDONLINE.COM", "MASTERCARDONLINE.NET" and "MASTERCARDONLINE.ORG". The earliest of these registered domain names, "MASTERCARD.COM", was registered on July 27, 1994, long prior to Defendants' registration of the Infringing Domain Name.

10.     MasterCard, its licensees and its predecessors-in-interest have sold many billions of dollars worth of financial services under its MASTERCARD Marks in the United States and around the world, and have spent substantial sums in advertising their products and services under the MASTERCARD Marks.

11.     As a result of these extensive sales and advertising, the MASTERCARD Marks have become famous in the United States and around the world, and represent valuable goodwill.

### Defendants' Infringing Activities

12.     On information and belief, Defendant Thomas is an employee of Defendant Credit.com.

13.     On information and belief, Thomas, under the authorization, control and/or direction of Credit.com, and with the knowledge, assistance and to the benefit of Credit.com, registered the Infringing Domain Name <mastercard.cm>.

14.     In registering the Infringing Domain Name, Thomas was the agent of Credit.com and was acting within the course of business and the scope of such agency.

15.     Thomas registered the Infringing Domain Name on September 18, 2009, through the registrar eNom Inc. ("eNom"). A print-out of the eNom Whois database report evidencing

COMPLAINT FOR VIOLATION OF SECTION
43(d); SECTION 32; SECTION 43(a); SECTION
43(c) OF THE LANHAM ACT
Page 6 of 15

**STRATTON LAW & MEDIATION P.S.**
18850 - 103RD AVENUE SW, STE 202
VASHON ISLAND, WA  98070
TEL:  (206) 682-1496 • FAX:  (206) 260-3816

the registration information is attached at **Exhibit A**.

16.     eNom's place of business is 15801 NE 24th St. Bellevue, Washington 98008.

17.     According to the eNom Whois report for the Infringing Domain Name, the administrative contact is Montana Thomas at 201 Mission Street, Suite 1550, San Francisco, California.  The administrative e-mail address is listed as <mthomas@credit.com>.  *See* Exhibit A.

18.     The administrative address on the eNom Whois report is the same address as Credit.com.

19.     Defendant Credit.com owns and operates a website at <www.credit.com> that offers credit-card related goods and services, including the goods and services of MasterCard and its competitors.  A print-out of the Credit.com home page is attached at **Exhibit B**.

20.     The Infringing Domain Name resolves to a page on Defendants' website at <www.credit.com>.  A print-out of the web page that the Infringing Domain Name resolves to is attached at **Exhibit C**.

21.     On information and belief, Thomas, under the authorization, control and direction of Credit.com, and with the knowledge, assistance and to the benefit of Credit.com, caused the website at <mastercard.cm> to resolve to Credit.com's website at <www.credit.com>.  In doing so, Thomas was the agent of Credit.com and was acting within the course of business and the scope of such agency.

22.     On information and belief, Defendants registered the Infringing Domain Name <mastercard.cm> because the ".cm" extension (which is the country code for Cameroon) is a common "typo" for the widely used ".com" extension, and Defendants would therefore benefit from typing mistakes by Internet users seeking MasterCard's <mastercard.com> website.

COMPLAINT FOR VIOLATION OF SECTION
43(d); SECTION 32; SECTION 43(a); SECTION
43(c)  OF THE LANHAM ACT
Page 7 of 15

**STRATTON LAW & MEDIATION P.S.**
18850 - 103RD AVENUE SW, STE 202
VASHON ISLAND, WA  98070
TEL:  (206) 682-1496 • FAX:  (206) 260-3816

23.    On information and belief, Defendants have no connection with Cameroon and no basis for selecting a <.cm> extension in association with MasterCard's marks other than to create confusion with the <mastercard.com> domain name and benefit from Internet users' mistakes when typing the <mastercard.com> domain name.

24.    On information and belief, the Infringing Domain Name generates revenue for Defendants by directing Internet traffic to the Defendants' website, <www.credit.com>.

25.    On information and belief, Defendants generate income when consumers, directed to the website through the Infringing Domain Name, click on the hyperlinks at the <www.credit.com> website.

26.    Defendants registered the Infringing Domain Name well after MasterCard's adoption and registration of the famous MASTERCARD Marks.

27.    The domain <mastercard.cm> is identical or confusingly similar to the MASTERCARD Marks because "mastercard", the material part of the domain name, is identical the MASTERCARD Marks.

28.    Defendants' use of the MASTERCARD Marks in connection with the Infringing Domain Name is likely to cause confusion and deception as to source, sponsorship, affiliation or endorsement, with MasterCard and its MASTERCARD Marks.

29.    Defendants have and continue to use the Infringing Domain Name to divert Internet users from MasterCard's web sites.

30.    Defendants' aforesaid activities are without the consent of MasterCard.

### Defendants' Cybersquatting Activities

31.    Defendants registered, traffic in and use an Infringing Domain Name that is identical, confusingly similar to and dilutive of MasterCard's distinctive and famous marks.

COMPLAINT FOR VIOLATION OF SECTION
43(d); SECTION 32; SECTION 43(a); SECTION
43(c)  OF THE LANHAM ACT
Page 8 of 15

**STRATTON LAW & MEDIATION P.S.**
18850 - 103RD AVENUE SW, STE 202
VASHON ISLAND, WA  98070
TEL:  (206) 682-1496 • FAX:  (206) 260-3816

32.    On information and belief, Defendants' use of the Infringing Domain Name has been and continues to be made with a bad faith intent to profit from the MASTERCARD Marks.

33.    Defendants use the Infringing Domain Name to attract and divert Internet users from MasterCard's websites to Defendants' website for commercial gain based on a likelihood of confusion as to the source, sponsorship, affiliation or endorsement with MasterCard and its MASTERCARD Marks.

34.    Defendants registered the Infringing Domain Name with the knowledge that it was identical and confusingly similar to MasterCard's distinctive marks, and dilutive of MasterCard's famous marks, without regard to the goods or services of MasterCard.

35.    Defendants do not have any intellectual property rights in the Infringing Domain Name or any other term identical or similar to the MASTERCARD Marks.

36.    The Infringing Domain Name is not the legal name of Defendants and is not otherwise commonly used to identify Defendants.

37.    Defendants' use of MasterCard's marks in association with Defendants' website, <www.credit.com>, is not a *bona fide* noncommercial or fair use.

## COUNT I
## (CYBERSQUATTING)

38.    MasterCard re-alleges paragraphs 1 through 37, as if fully set forth herein.

39.    Defendants' actions constitute cybersquatting in violation of the Anti-cybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

40.    Defendants' acts greatly and irreparably injure MasterCard and will continue to so injure MasterCard unless restrained by this Court; wherefore, MasterCard is without an adequate remedy at law.

COMPLAINT FOR VIOLATION OF SECTION
43(d); SECTION 32; SECTION 43(a); SECTION
43(c) OF THE LANHAM ACT
Page 9 of 15

**STRATTON LAW & MEDIATION P.S.**
18850 - 103RD AVENUE SW, STE 202
VASHON ISLAND, WA  98070
TEL:  (206) 682-1496 • FAX:  (206) 260-3816

1
2

## COUNT II
## (TRADEMARK INFRINGEMENT)

41.     MasterCard re-alleges paragraphs 1 through 37, as if fully set forth herein.

42.     Defendants' acts have caused or are likely to cause confusion, mistake or deception as to the source or origin, sponsorship or approval of Defendants' goods and services, in that purchasers and others in this judicial district and elsewhere in the United States are likely to believe that Defendants are associated with or related to MasterCard or are authorized by MasterCard to offer financial services under the MASTERCARD Marks.

43.     Defendants' acts injure MasterCard's image and reputation with consumers in this judicial district and elsewhere in the United States by creating a likelihood of confusion about, and dissatisfaction with, MasterCard.

44.     Defendants' deliberate use of the MASTERCARD Marks in the Infringing Domain Name constitutes trademark infringement of the MASTERCARD Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

45.     Defendants' acts greatly and irreparably damage MasterCard and will continue to so damage MasterCard unless restrained by this Court; wherefore, MasterCard is without an adequate remedy at law.

## COUNT III
## (UNFAIR COMPETITION)

46.     MasterCard re-alleges paragraphs 1 through 37, as if fully set forth herein.

47.     Defendants acts constitute unfair competition with MasterCard in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Washington Consumer Protection Act, RCW § 19.86.090, and the common law of various states, including the State of Washington.

COMPLAINT FOR VIOLATION OF SECTION
43(d); SECTION 32; SECTION 43(a); SECTION
43(c)  OF THE LANHAM ACT
Page 10 of 15

**STRATTON LAW & MEDIATION P.S.**
18850 - 103RD AVENUE SW, STE 202
VASHON ISLAND, WA  98070
TEL:  (206) 682-1496 • FAX:  (206) 260-3816

48.     Defendants' acts greatly and irreparably damage MasterCard and will continue to so damage MasterCard unless restrained by this Court; wherefore, MasterCard is without an adequate remedy at law.

## COUNT IV
## (TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c))

49.     MasterCard re-alleges paragraphs 1 through 37, as if fully set forth herein.

50.     Defendants' acts are likely to tarnish MasterCard's valuable business reputation and goodwill and are likely to blur the distinctiveness of the famous and distinctive MASTERCARD Marks.

51.     Defendants' acts of dilution and tarnishment are intentional and willful.

52.     Defendants' acts constitute dilution and tarnishment of MasterCard's famous MASTERCARD Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

53.     Defendants' acts greatly and irreparably damage MasterCard and will continue to so damage MasterCard unless restrained by this Court; wherefore, MasterCard is without an adequate remedy at law.

## COUNT V
## (TRADEMARK DILUTION UNDER RCW § 19.77.160)

54.     MasterCard re-alleges paragraphs 1 through 37, as if fully set forth herein.

55.     Defendants' acts are likely to tarnish MasterCard's valuable business reputation and goodwill and are likely to blur the distinctiveness of the famous and distinctive MASTERCARD Marks.

56.     Defendants' acts of dilution and tarnishment are intentional and willful.

57.     Defendants' acts constitute dilution and tarnishment of MasterCard's famous MASTERCARD Marks in violation of the State of Washington's anti-dilution statute, RCW §

COMPLAINT FOR VIOLATION OF SECTION
43(d); SECTION 32; SECTION 43(a); SECTION
43(c)  OF THE LANHAM ACT
Page 11 of 15

**STRATTON LAW & MEDIATION P.S.**
18850 - 103RD AVENUE SW, STE 202
VASHON ISLAND, WA  98070
TEL:  (206) 682-1496 • FAX:  (206) 260-3816

19.77.160.

58.    Defendants' acts greatly and irreparably damage MasterCard and will continue to so damage MasterCard unless restrained by this Court; wherefore, MasterCard is without an adequate remedy at law.

## COUNT VI
### (UNFAIR ACTS AND PRACTICES UNDER RCW § 19.86.020)

59.    MasterCard re-alleges paragraphs 1 through 37, as if fully set forth herein.

60.    Defendants' conduct constitutes unfair acts and practices under RCW 19.86.020.

61.    MasterCard is entitled to injunctive and such further relief as allowed by RCW 19.86.090 including recovery of its costs and attorneys' fees.

## PRAYER

WHEREFORE, MasterCard prays that:

1.    Defendants, and all persons acting in concert or participating with Defendants, be preliminarily and permanently enjoined from:

(a) registering or maintaining any registration of the Infringing Domain Name or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise confusingly similar to the MASTERCARD Marks or any other trade names, trademarks or service marks of MasterCard;

(b) using the Infringing Domain Name or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise confusingly similar to the MASTERCARD Marks or any other trade names, trademarks or service marks of MasterCard;

STRATTON LAW & MEDIATION P.S.
18850 - 103RD AVENUE SW, STE 202
VASHON ISLAND, WA  98070
TEL:  (206) 682-1496 • FAX:  (206) 260-3816

(c) using any names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the MASTERCARD Marks or any other MasterCard trademark anywhere on any and all websites of Defendants;

(d) using any names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the MASTERCARD Marks or any other MasterCard trademark in any buried code, metatags, search terms, keywords, key terms, hits generating pages, or any other devices used, intended, or likely to cause any website or websites of Defendants to be listed by any Internet search engines in response to any searches that include any terms identical with or confusingly similar to the MASTERCARD Marks or any other MasterCard trademarks;

(e) using any names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the MASTERCARD Marks or any other MasterCard trademark, in any e-mail or other marketing solicitations sent to consumers;

(f) otherwise infringing MasterCard's trademarks;

(g) making any description or representation stating or implying that Defendants' goods or services, domain names or websites are in any way affiliated, associated, authorized, sponsored, endorsed or otherwise connected with MasterCard; and

(h) any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection or association of Defendants' domain names, websites, products or services with MasterCard.

COMPLAINT FOR VIOLATION OF SECTION
43(d); SECTION 32; SECTION 43(a); SECTION
43(c) OF THE LANHAM ACT
Page 13 of 15

STRATTON LAW & MEDIATION P.S.
18850 - 103RD AVENUE SW, STE 202
VASHON ISLAND, WA 98070
TEL: (206) 682-1496 • FAX: (206) 260-3816

2.    Defendants be ordered to disclose to the Court and MasterCard all other domain name registrations owned directly or indirectly by Defendants, or by entities in which Defendants have a financial interest, to permit the Court and MasterCard to consider whether any such other registrations should be subject to relief in this matter.

3.    Defendants, and all persons acting in concert or participating with Defendants, be ordered to transfer to MasterCard the Infringing Domain Name and any other infringing domain names as may be determined by the Court as appropriate herein for relief.  15 U.S.C. § 1125(d)(1)(C).

4.    Defendants be ordered to pay statutory damages in the amount of $100,000.00. 15 U.S.C. § 1117(d).

5.    Defendants be ordered to pay MasterCard all profits realized by Defendants by reason of Defendants' unlawful acts as set forth in this Complaint.  15 U.S.C. § 1117(a).

6.    Defendants be ordered to pay MasterCard all damages suffered by MasterCard by reason of Defendants' trademark infringement as set forth in this Complaint.  15 U.S.C. § 1117(a); RCW § 19.86.090.

7.    The Court award MasterCard three times the damages suffered by reason of the intentional, unlawful acts of Defendants as set forth in this Complaint.  15 U.S.C. §§ 1117(a); RCW § 19.86.090.

8.    Defendants be required to file with this Court and serve on the undersigned counsel for MasterCard, within thirty (30) days after the entry of judgment, a written report

COMPLAINT FOR VIOLATION OF SECTION
43(d); SECTION 32; SECTION 43(a); SECTION
43(c)  OF THE LANHAM ACT
Page 14 of 15

**STRATTON LAW & MEDIATION P.S.**
18850 - 103RD AVENUE SW, STE 202
VASHON ISLAND, WA  98070
TEL:  (206) 682-1496 • FAX:  (206) 260-3816

1   under oath setting forth in detail the manner in which Defendants have complied with the

2   injunction ordered by this Court.  15 U.S.C. § 1116.

3

4          9.     Defendants be ordered to pay to MasterCard the costs of this action and its

5   reasonable attorneys' fees.  15 U.S.C. §§ 1117(a); RCW § 19.86.090.

6

7         10.    Defendants be ordered to pay punitive damages to MasterCard to deter

8   Defendants from committing such knowing and willful acts of infringement in the future.

9

10         11.    MasterCard shall have such other relief as this Court may deem just and proper.

11

12        DATED:   March 4, 2010

13                     By: */s/ Rex B. Stratton*
                  Rex B. Stratton, WSBA No. 1913

14                     STRATTON LAW & MEDIATION P.S.

15                     18850 – 103rd Avenue SW, Suite 202
                  Vashon, WA  98070

16                     Telephone:     206-682-1496
                  Facsimile:     206-260-3816

17                     Email:          stratton@rbs-law.com

18                     Attorneys for Plaintiff

19                     MASTERCARD INTERNATIONAL
                  INCORPORATED

20

21

22

23

24

25

26

27

28

COMPLAINT FOR VIOLATION OF SECTION
43(d); SECTION 32; SECTION 43(a); SECTION
43(c)  OF THE LANHAM ACT
Page 15 of 15

STRATTON LAW & MEDIATION P.S.
18850 - 103RD AVENUE SW, STE 202
VASHON ISLAND, WA  98070
TEL:  (206) 682-1496 • FAX:  (206) 260-3816